SUMMARY ORDER

Petitioner Zhao Jin Zheng, a native and citizen of the People’s Republic of China, seeks review of an August 7, 2008 order of the BIA denying Zheng’s motion to remand and affirming the May 21, 2007 decision of Immigration Judge (“IJ”) Robert D. Weisel denying Zheng’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhao Jin Zheng, No. A77 994 661 (B.I.A. Aug. 7, 2008), aff'g No. A77 994 661 (Immig. Ct. N.Y. City May 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
I. Asylum, Withholding of Removal, and CAT Relief
When the BIA adopts, modifies, and supplements the IJ’s decision, we review the decision of the IJ as supplemented and modified by the BIA. See Xian Tuan Ye v. Dep’t of Homeland Sec., 446 F.3d 289, 293 (2d Cir.2006) (per curiam); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008).
We conclude that substantial evidence supports the agency’s determination that Zheng was not credible, based on its findings that: (1) Zheng’s statement in his asylum application was internally inconsistent, as it asserted that his wife had given birth to their son in April 2002 but was at least three months pregnant in August 2001 when she went into hiding and Zheng was arrested; and (2) the letter from Zheng’s wife further undermined his credibility, as it was dated December 12, 2001, but foretold the birth of their child on April 21, 2002. The BIA properly found unconvincing Zheng’s explanations that the inconsistencies were inadvertent typographical errors. See Majidi v. Gonzales, *108 430 F.3d 77, 80-81 (2d Cir.2005) (noting that the agency’s decision to not credit an applicant’s explanations for inconsistent testimony deserves deference unless a reasonable fact-finder would be compelled to the contrary).
These inconsistencies provide substantial evidence for the agency’s adverse credibility determination as they call into question whether Zheng’s wife had ever been pregnant — the event which allegedly triggered his arrest, beating, and detention. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). Because the record does not compel a finding contrary to the agency’s conclusion that Zheng was not credible, Zheng cannot prevail on his asylum claim. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Zheng’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, for all three of Zheng’s claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. Motion to Remand
A motion to remand that seeks to introduce additional evidence is held to the substantive standard applicable to a motion to reopen. Li Yang Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156 (2d Cir.2005). We review the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
The BIA acted properly in construing Zheng’s submission of unsworn statements as a motion to remand, and in applying the standard for motions to reopen to that motion. We further conclude that the BIA did not abuse its discretion in denying Zheng’s motion. Zheng was required to comply with the regulatory requirement that his motion be accompanied by evidence that is material and was unavailable and undiscoverable at the time of his hearing, see 8 C.F.R. § 1003.2(c)(1), and his failure to do so provided a proper basis to deny his motion, see INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).